**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando MOLINA–GOMEZ,**
**Defendant–Appellant.**

No. 03–10054.

D.C. No. CR–01–01163–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 17, 2003.

Reese V. Bostwick, Asst. U.S. Atty., Bruce M. Ferg, District Atty. Gen., Tucson, AZ, for Plaintiff–Appellee.

Homero Torralba, Torralba & Flores, P.C., Tucson, AZ, for Defendant–Appellant.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM**

Armando Molina–Gomez appeals the 60–month sentence imposed following his

---

guilty plea to conspiracy to possess with intent to distribute marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Molina–Gomez contends that the district court improperly denied him a safety valve reduction because he "truthfully provided to the Government all information and evidence [he had] concerning the offense." U.S.S.G. § 5C1.2(a)(5). We disagree.

Considering Molina–Gomez's inconsistent statements concerning his level of criminal involvement, the district court did not err by finding that Molina–Gomez's last disclosure lacked the necessary candor. *See United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996) (stating that a defendant's bare assertion about disclosure does not constitute a preponderance of the evidence for safety valve eligibility and that the district court could consider from other sources whether the defendant had been truthful).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.